HENRY HOYLE, Plaintiff, *v.* ROBERT McCREA et al., Defendants.

(Supreme Court, New York Special Term, February, 1899.)

**Execution against the body — Notice to sheriff to release debtor — Code Civ. Pro., § 1494.**

> After a debtor had been imprisoned under an execution against the body for more than thirty days, he obtained from the judgment creditor a letter to the sheriff reading " Mr. Chapin has just handed me a letter from Robert McCrea, (the judgment debtor) saying that his wife is very sick and he wishes to see her. You may let him come home on my account, as per his letter to Mr. Chapin ". The letter to Chapin was one from McCrea saying that his wife was ill and that he would like to go to his home to see her. The sheriff released McCrea from custody.

> *Held*, that the release did not cancel the judgment. That the letter was within section 1494 of the Code of Civil Procedure; that it amounted to a notice to the sheriff to discharge the prisoner; and that its only effect was to destroy the remedy of an execution against the. body.

MOTION to cancel and discharge of record a judgment entered in March, 1868, and upon which an execution against the person of defendant had been issued.

W. H. Dunn, for motion.

John P. Kellas, opposed.

STOVER, J. This is a motion to cancel and discharge of record a judgment entered in March, 1868, and upon which an execution had been issued against the person of the defendant. The defendant, while in custody under the execution herein, obtained a letter from the plaintiff, as follows:

" C. W. VAUGHN, *Sheriff:*

" Mr. Chapin has just handed me a letter from Robert McCrea, saying that his wife is very sick and he wishes to see her. You may let him come home on my account as per his letter to Mr. Chapin."

The letter to Chapin was one from McCrea saying that his wife was ill, and he would like to go to his home. to see her. The sheriff

thereupon permitted the defendant to go to his home, and he has not been in custody since that time. The claim is made by the defendant that the release from custody with the consent of the plaintiff is a discharge of the judgment; and there is no doubt that such was the rule at common law, and that a discharge from the execution against the body discharged the judgment, but I think the rule has been changed by the provisions of the Code of Civil Procedure covering executions against the person. Section 1494 is as follows: "At any time after a judgment debtor has remained in custody, by virtue of an execution against his person, for the space of thirty days, the judgment creditor may serve upon the sheriff a written notice, requiring him to discharge the judgment debtor from custody, by virtue of the execution. Whereupon the sheriff must discharge the judgment debtor, and return the execution accordingly. After service of such a notice, another execution, against the person of the judgment debtor, cannot be issued upon the judgment; but after his discharge, the judgment creditor may otherwise enforce the judgment, as if the execution, from which he was discharged, had been returned, without his having been taken."

It is conceded that the defendant had been imprisoned more than thirty days, under the execution. The statute nowhere prescribes the form of notice, but it simply requires that a written notice requiring the sheriff to discharge the judgment debtor, is necessary. There can be no doubt but what the notice given to the sheriff in this case, was a notice which required him to discharge the defendant. The fact that in addition to the notice to discharge, the plaintiff stated reasons which may have impelled him to give the discharge, neither adds to or detracts from the force of the notice. If he had simply signed the notice, " You may let Mr. McCrea go home on my account," it would have been a written notice requiring the discharge of the prisoner, and so far, at least, as the defendant is concerned, he is in no position to take advantage of any additional matter that may have been inserted in the notice requiring his discharge. We are not called upon on this motion, to pass upon the effect of the limitation or addition to the notice, for this is a motion to discharge the judgment, and it does not appear that the plaintiff has sought to again imprison the defendant under the execution, but upon the contrary, the affidavits themselves show that the intention of the plaintiff was to discharge the defendant from imprisonment under the execution against his person, and nothing else.

I think that the notice must be construed to be.one within section 1494 of the Code, and that, therefore, the judgment was not satisfied, but only the remedy by execution against the person was destroyed, and that the motion, therefore, to discharge from record must be denied, with costs.

Motion denied, with costs.